HEANEY, Circuit Judge,
concurring and dissenting.
I respectfully dissent from the majority’s reversal of the district court’s judgment for Day and Hollowell on their claims under Title VIL[1] I have no quarrel with the legal standard as outlined by the majority and applied by the district court in rendering its decision. I also believe that the result reached by the majority is one that a trier of fact could have reached given the evidence presented at trial. Were the majority the factfinder, I would not hesitate to join in its opinion. But the district court is the trier of fact and it had the responsibility to examine the evidence and to draw the permissible inferences from that evidence. I do not believe the district court’s finding of intentional discrimination was clearly erroneous and I would affirm.
The district court discredited Johnson’s explanation for not retaining Day and Hollowell. Although the court acknowledged that the new facility was severely overcrowded, there was evidence that neither plaintiff was solely responsible for the problems at the jail. The court found that Day and Hollowell attempted to address the problems, but that they were met with lack of cooperation from other county officials and delay caused by the lawsuit over control of the jail. Particularly Hollowell, who was not even in charge of intake at the jail until after the conditions were publicized, could not be considered responsible for the problems at the jail. The district court also found the circumstances surrounding Johnson’s decision not to retain Day and Hollowell suspicious: Johnson knew very little about either Day or Hollowell when he decided not to retain them and he replaced them with white men whose experience and qualifications paled in comparison to those of Day and Hollowell. Having rejected Johnson’s proffered reasons for his employment decisions and finding the circumstances surrounding those decisions indicative of discriminatory intent, the district court’s ultimate finding of intentional discrimination was not clearly erroneous.

. I concur in the majority opinion with respect to the plaintiffs’ section 1983 free speech claim.